JESS EXLINE v. E. L. HALL, ADMR., et al.

(No. 7084)

Submitted January 19, 1932.    Decided January 26, 1932.

*N. Van Wilson,* for appellant.
*Hines, Hall & Hines,* for appellees.

LITZ, JUDGE:

This is a suit to surcharge and falsify the accounts of E. L. Hall as administrator of the estate of Oscar Exline, deceased. From a decree dismissing the bill, plaintiff has appealed.

The decendent died in service as an Ameican soldier of the World War, November 7, 1918, intestate and without issue. The government had issued to him a life insurance pilicy for $10,000, payable to his mother, Martha C. Exline, in monthly installments of $57.50 each during her life, and at her death, to his estate in a lump sum. She died February 9, 1928, intestate, survived by four sons, Jess, Edward, Thomas, and Everrett, and five daughters, Rose, Annie, May, Stella, and Myrtle, as her sole heirs and distributees, and possessed of three tracts of land, containing 87 acres (known as the home place), 21½ acres and 4-⅛ acres, respectively, and personal property of the value of $4,536.40. Three days before, Martha C. Exline had requested that her estate be divided, upon her decease, among her children as follows: To Jess, the home place and $500.00 in money, and to the others, the remainder in equal proportions. Assuming that the unpaid insurance was a part of the mother's estate, and desiring to effectuate her wish, the children agreed verbally among themselves on the day of her death, to a division of the estate as she had requested. Accordingly, a purported conveyance of the 87 acres to Jess was, at the time, executed by the remaining children. Nine days later they all signed a written contract, agreeable to the previous oral understanding, reciting that the mother had "died seized and possessed of certain personal property, including among other property, *insurance payable to her by the Government of the United States,*" and

providing that Jess should receive the home place and $500. 00 from the personal estate, and that the remainder of the real estate and personal property, including the unpaid insurance, should be divided equally among the remaining children. The purported conveyance of the 87-acre tract to Jess being insufficient to transfer title, another deed, dated May 4, 1928, was prepared for the purpose. Some of the children having refused to execute the instrument, Jess instituted suit to compel specific performance of the contract by them. The bill in the case alleged that Martha C. Exline, at the time of her death, "was possessed of considerable personal estate, including certain government insurance, amounting to about $6,000 or more," payable to her in monthly installments, which, since her death, had been paid "to E. L. Hall, administrator.' The suit was settled by the defendants executing the deed. Thereupon, Jess conveyed to his brothers and sisters jointly his interest in the two small tracts. February 17, 1928, E. L. Hall was appointed as administrator of the estate of Martha C. Exline, and having applied to the United States Veterans Bureau for payment of the remaining insurance to himself as such administrator, learned that it was payable to the estate of the insured. Thereafter, upon being appointed as administrator of the estate of Oscar Exline, Hall received payment in that capacity of the remaining insurance. He then distributed this fund and the personal estate of Martha C. Exline by paying to Jess five hundred dollars ($500.00) and the balance, after payment of debts and cost of distribution, to the remaining children. This suit was brought by Jess, after Hall had settled his accounts as administrator of each estate, to recover the proportion of the insurance, collected by the administrator, inherited by plaintiff as a distributee of Oscar Exline.

As the agreement between plaintiff and his brothers and sisters treated the unpaid insurance as a part of the mother's estate and his share upon this basis was largely in excess of the common share received by the rest of the children, the trial court was clearly right in dismissing the bill. Jess does not propose a rescission of the contract in its entirety, but only to the extent that it is unfavorable to his interest. In

other words, he would take advantage of that portion of the contract giving him the home place and $500.00 and repudiate it insofar as it gives his brothers and sisters the unpaid insurance, apparently upon the theory that he did not know at the time of signing the contract that the insurance belonged to his brother's estate. Except where it is severable, a contract must be rescinded, if at all, in its entirety. *Worthington* v. *Collins' Admr.*, 39 W. Va. 406, 19 S. E. 527; *Silliman* v. *Gillesepi*, 48 W. Va. 374, 37 S. E. 669.

The decree, complained of, is accordingly affirmed.

*Affirmed.*